**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

RODERICK L. HYMON,

          Plaintiff,

v.

NICOLE SITTRE, *et al.*,

          Defendants.

Case No. 2:23-cv-02101-CDS-BNW

**ORDER AND REPORT AND RECOMMENDATION**

Pro se plaintiff Roderick Hymon brings this civil-rights case under 42 U.S.C. § 1983 against Correctional Officer Nicole Sittre, Judge Jennifer Schwartz, Judge Christi Craig, Deputy Public Defender Marco Luna and an unnamed Deputy Public Defender. He alleges violations of the Sixth, Eighth, and Fourteenth Amendments.

Plaintiff moves to proceed *in forma pauperis*. ECF No.1. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Plaintiff's request to proceed *in forma pauperis,* therefore, will be granted. The Court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

    **A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

1   *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

2   dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

3   his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

4   2014) (quoting *Iqbal*, 556 U.S. at 678).

5         In considering whether the complaint is sufficient to state a claim, all allegations of

6   material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

7   *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

8   Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

9   must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

10   544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

11   Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

12   plaintiff should be given leave to amend the complaint with notice regarding the complaint's

13   deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

14         **B.  Plaintiff's Allegations**

15         Plaintiff's complaint alleges that he entered into a plea agreement in state court that

16   contemplated a six-month sentence. When he appeared before Judge Schwartz, she referred him

17   to competency court instead of sentencing him to the six months the agreement contemplated. In

18   so doing, he alleges that Judge Schwartz punished him. Moreover, he alleges that his Deputy

19   Public Defender, Marco Luna, conspired with Judge Schwartz by referring him to competency

20   court and that he also stopped visiting Plaintiff at the jail.

21         Once in competency court, over which Judge Craig presided, Plaintiff alleges that his

22   public defenders failed to make arguments on his behalf against a finding of incompetence. In

23   addition, Plaintiff alleges that there were no reports from any doctors finding him incompetent.

24   Indeed, he alleges that he is competent. As a result of being referred to competency court, he

25   alleges that he has served twice the amount of time recommended in the plea agreement. It is not

26   clear form the complaint whether he is still undergoing a competency proceeding as a pretrial

27   detainee or whether he has been convicted and sentenced.

28

Unrelated to the claims above, Plaintiff also alleges that Correctional Officer Nicole Sittre found him guilty during his disciplinary hearing without affording him the ability to call witnesses.

**C.  Screening**

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

### i.  Judges Schwartz and Judge Craig are immune from prosecution

"Absolute immunity is generally accorded to judges . . . functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity applies to claims arising under § 1983. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To determine if a given action is judicial . . . , courts focus on whether (1) the precise act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge, and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v.*

*Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain immunity even when they misinterpret the law or when their actions are erroneous and malicious. *See Wilson v. Ayers,* No. 2:07-CV-01283-LRHLRL, 2009 WL 1940102 *2 (D. Nev. July 7, 2009) (collecting cases).

Even liberally construing Plaintiff's complaint, the court finds that the claims against Judge Schwartz are barred by judicial immunity. Judge Schwartz's referral of Plaintiff to competency court constituted a judicial act because it was part of her normal function as a state court judge, it happened during a court hearing, the referral related to a case pending before her, and her acts were done in her official capacity. Plaintiff does not allege facts indicating that Judge Schwartz's actions were not judicial acts or that she acted in clear absence of all jurisdiction. Given that Judge Schwartz's claim are barred by judicial immunity, it does not appear that additional factual allegations would overcome immunity. As a result, the court recommends that the claims against Judge Schwartz be dismissed with prejudice.

Turning to Judge Craig, Plaintiff is alleging that there is no indication that he is incompetent. As a result, he appears to claim that (1) he should not be appearing before her in competency court or that (2) he should not have appeared before her in competency court. Either way, he alleges that being forced to appear in competency court subjected him to detention above and beyond the six-month sentence contemplated by his plea agreement. Much like the analysis above, ordering Plaintiff to appear in competency court is a judicial act: it is part of Judge Craig's normal function as a state court judge, the order took place during different court hearings, the order related to a case pending before her, and her acts were done in her official capacity. Plaintiff does not allege facts indicating that Judge Craig's actions were not judicial acts or that she acted in clear absence of all jurisdiction. Given that Judge Craig's claim is barred by judicial immunity, it does not appear that additional factual allegations would overcome immunity. As a result, the court recommends that the claims against Judge Craig be dismissed without leave to amend.

### b. Deputy Public Defenders are immune from prosecution

A defendant has acted under color of state law where he or she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quotation omitted). When public defenders are acting in their role as advocate for a defendant in a criminal case, they are not acting under color of state law for § 1983 purposes. *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). Public defenders do not act under color of state law because "a defense lawyer is not, and by the nature of his function cannot be, the servant of an administrative superior. Held to the same standards of competence and integrity as a private lawyer, a public defender works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client." *Polk Cty. v. Dodson*, 454 U.S. 312, 321 (1981) (internal citation omitted).

Plaintiff's claim against Deputy Public Defender Marco Luna is based on (1) the alleged conspiracy with Judge Schwartz, resulting in his referral to competency court; (2) the failure to advocate against a finding of incompetence; and (3) a failure to visit him at jail. It is not clear what specific allegations are being asserted against the unnamed Deputy Public Defender. Instead, it appears that Plaintiff is alleging their participation in the actions and omissions recited above.

Given Plaintiff's allegations, it appears that the Deputy Public Defenders were acting in their capacity as defenses lawyer and not acting under the color of law. Thus, Plaintiff fails to state a claim against them under § 1983 as a matter of law. Given that amendment would be futile, the court will recommend that the claims against the Deputy Public Defenders be dismissed without leave to amend.

### c. Nicole Sittre and the disciplinary proceeding

The right to procedural due process prohibits the government from depriving an individual of a liberty or property interest without following the proper procedures for doing so. *See Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974). To succeed on a procedural due process claim regarding institutional disciplinary proceedings, a convicted prisoner must establish (1) that he possessed a liberty interest in avoiding discipline and (2) that the defendants deprived him of that

interest as a result of insufficient process. *See Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000). The Supreme Court has held that an inmate possesses a liberty interest under the federal Constitution when a change occurs in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A district court considering whether an inmate possesses such a liberty interest must analyze three factors: (1) whether disciplinary segregation was essentially the same as discretionary forms of segregation (such as administrative segregation and protective custody), (2) whether a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment," and (3) whether the length of the plaintiff's sentence was affected. *Id*. at 486-87. If these factors are not met, there is no liberty interest in not being subjected to disciplinary segregation, which results in a prisoner not being entitled to sue jail or prison officials for due process violations arising from a disciplinary proceeding. If a prisoner possesses a protectable liberty interest with respect to prison disciplinary proceedings, then a court must consider what process the prisoner was due. This determination must be made on a case-by-case basis. *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974) ("Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.").

Due process claims asserted by pretrial detainees regarding disciplinary proceedings are subject to a different analysis. Because a pretrial detainee has neither been convicted nor sentenced when he is subjected to discipline, the detainee "may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996).

Plaintiff alleges that Correctional Officer Sittre did not afford him the opportunity to call witnesses before adjudicating him guilty in the disciplinary proceeding. But Plaintiff does not allege whether he is a pretrial detainee or whether he has been convicted. As explained above, it is not clear whether he is still undergoing competency proceedings or not. In addition, he does not

allege what discipline was imposed or what remedy he seeks. These missing facts are crucial for the Court to determine which constitutional amendment may be at play, and, in turn, the protections to which Plaintiff was entitled. As a result, the Court will deny the claim with leave to amend.

## II.     INSTRUCTIONS FOR AMENDMENT

If Plaintiff chooses to amend his complaint, he must carefully look at the analysis above regarding the disciplinary proceeding claim in drafting the next complaint. Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

Lastly, if Plaintiff believes he is being unlawfully detained as a result of an ongoing competency proceeding, the proper course of action is to file a habeas petition as opposed to a §1983 claim. The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action").

## III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay the filing fee in this action.

**IT IS FURTHER ORDERED** that the clerk of court must file Plaintiff's complaint (ECF No. 1-1).

1     **IT IS FURTHER ORDERED** that the claim against Correctional Officer Nicole Sittre is

2    denied with leave to amend.

3     **IT IS RECOMMENDED** that the claims against Judge Schartz, Judge Craig, Deputy

4    Public Defender Marco Luna, and the unnamed Deputy Public Defender be dismissed with

5    prejudice.

6                   **<u>NOTICE</u>**

7     This report and recommendation is submitted to the United States district judge assigned

8    to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

9    may file a written objection supported by points and authorities within fourteen days of being

10    served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

11    objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d

12    1153, 1157 (9th Cir. 1991).

13

14    DATED: March 5, 2024

15

16    BRENDA WEKSLER

      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28