UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Roderick L. Hymon,<br><br>             Plaintiff<br><br>   v.<br><br>Nicole Sittre,<br><br>             Defendant | Case No. 2:23-cv-02101-CDS-BNW<br><br>Order Adopting Report and Recommendation and Closing Case<br><br>[ECF Nos. 3, 10] |

After screening plaintiff Roderick Hymon's complaint, Magistrate Judge Brenda Weksler issued an order dismissing some of Hymon's claims with leave to amend, and a recommendation that Hymon's surviving claims be dismissed with prejudice. Order, ECF No. 3. Because this order was returned as undeliverable (Notice, ECF No. 6), Hymon was ordered to update his address (ECF No. 7). That order was also returned as undeliverable. ECF No. 8. Because of this, I sua sponte extended plaintiff Roderick Hymon's deadline to file any objections to Magistrate Judge Brenda Weksler's order and report and recommendation from March 19, 2024 to May 6, 2024. Order, ECF No. 9. Hymon was warned that failure to file objections would result in me adopting the R&R without a de novo review. *Id*. In that same order, I sua sponte extended Hymon's deadline to file an amended complaint to cure the deficiencies identified in Judge Weksler's order from March 22, 2024 to May 13, 2024. *Id*. That order was mailed to the Clark County Detention Center ("CCDC"), where the CCDC inmate search revealed that he was. *Id*. at n.1.

Hymon has failed to file any objections or an amended complaint and has not taken any action in this case since December 2023. Consequently, Judge Weksler issued a second R&R that Hymon's complaint be dismissed without prejudice and to close this case. R&R, ECF No. 10. This order was also returned as undeliverable. Notice, ECF No. 11. Hymon did not file any objections to the second R&R and the time to do so has passed.

The Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). I nonetheless reviewed Judge Weksler's previous order and R&Rs, and the docket in this matter, and find that dismissal is prudent.

Seemingly, Hymon has been released from CCDC because orders mailed to him at CCDC have been returned as undeliverable. *See* Notice, ECF Nos. 6, 11. But Hymon failed to immediately file a written notification of any change of mailing address as required by Local Rule IA 3-1. And "[f]ailure to comply with [Local Rule IA 3-1] may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1. Further, it is well established that district courts have the authority to dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). Dismissal is warranted here because Hymon not only failed to comply with Judge Weksler's orders, but he also failed to comply with Local Rule IA 3-1. Furthermore, I agree with Judge Weksler's finding that the *Malone* factors[1] weigh in favor of dismissal. *See* R&R, ECF No. 10.

Accordingly, I adopt the first R&R in its entirety and dismiss Hymon's surviving claims with prejudice. I also adopt the second R&R in its entirety and dismiss Hymon's complaint without prejudice and close this case.

---

[1] The Ninth Circuit has identified five factors a court must weigh in determining whether dismissal is appropriate. *Malone*, 833 F.2d at 130; *see also See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 n.4 (9th Cir. 2006) (the same five-factors are used to determine whether dismissal is warranted under Fed. R. Civ. P. 41(b)).

## Conclusion

IT IS THEREFORE ORDERED that the R&Rs **[ECF Nos. 3, 10] are adopted** in full.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated: June 11, 2024

_____
Cristina D. Silva
United States District Judge